**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **MPLT HEALTHCARE, LLC.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Case No. 1:26-CV-138** |
| | § | |
| **HSA PORT ARTHUR, LLC d/b/a THE MEDICAL CENTER OF SOUTHEAST TEXAS, HEALTHCARE SYSTEMS OF AMERICA, CORP. and HEALTHCARE SYSTEMS OF AMERICA – TEXAS LLC,** | § § § § § | |
| | § | |
| ***Defendants*.** | § | |

**NOTICE OF NONCOMPLIANCE WITH**
**SETTLEMENT AGREEMENT AND MOTION TO REINSTATE**

Plaintiff MPLT Healthcare, LLC ("Plaintiff" or "MPLT"), by and through its attorneys, files this Notice of Noncompliance with Settlement Agreement and Motion to Reinstate ("Motion") against defendants HSA Port Arthur d/b/a The Medical Center of Southeast Texas, LLC ("Southeast Texas"), Healthcare Systems of America, Corp. ("HSA Corp") and Healthcare Systems of America – Texas, LLC ("HSA Texas") (collectively, "Defendants") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Defendants entered into a binding Settlement Agreement and Release ("Agreement") with MPLT, effective August 12, 2026. The Agreement allowed Defendants to repay their debt owed by installments. Since then, Defendants have been late to pay the first two installment payments required under the Agreement, and have completely failed to pay the third.

2. After receiving appropriate written notice from MPLT's counsel, and following the expiration of the cure period as provided for under the Agreement, Defendants have not only failed to make the appropriate payment, but have failed to reach out to MPLT's counsel in anyway.

3. Under the Court's Order of Conditional Dismissal of August 5, 2026 ("Order") [Dkt. 16], Plaintiff is allowed to move for reinstatement upon presentation of adequate proof that final approval of the settlement could not be obtained from the respective principles for whom counsel act. The Order further clarifies that this Court retains jurisdiction to enforce the settlement [Dkt. 16].

4. MPLT, therefore, respectfully files the Motion requesting this Court reinstate this matter for the purpose of enforcing the Agreement.

## **BRIEF FACTUAL AND PROCEDURAL BACKGROUND (PRE-AGREEMENT)**

5. MPLT is a full-service staffing and recruiting agency that employs or otherwise contracts with qualified healthcare professionals for its clients, largely hospitals and medical centers, to satisfy their staffing and personnel needs.

6. Defendants engaged MPLT on or around May 28, 2025 to supply healthcare providers for Defendants' personnel needs, which MPLT fully delivered pursuant the terms of the Parties' contract. Defendants remitted payment on certain invoices but eventually stopped making payments and failed to pay more than $569,433.51 (as of February 12, 2025) in outstanding arrears, as well as late fees and penalties.

7. MPLT filed this lawsuit on April 14, 2026, asserting claims for Breach of Contract, Account Stated, and seeking all costs and attorney's fees. [Dkt. 1]. All Defendants filed their Answers on May 26, 2026. [Dkt. 10, Dkt. 11]. A Scheduling/Case Management Conference was scheduled by the Court for August 10, 2026.

8. On August 5, 2026, the Parties jointly filed their Joint Notice of Settlement and Motion to Stay All Deadlines [Dkt. 15]. On the same day, the Court published the Order which states, in part: ". . . it is, ORDERED that this case is dismissed on the merits without prejudice to the right of counsel of record to move for reinstatement within ninety (90) days upon presentation of adequate proof that final approval of the settlement could not be obtained from respective principals for whom counsel act." [Dkt. 16]. The Order goes on to state: "[t]his court retains jurisdiction to enforce the settlement." *Id.*

**BRIEF FACTUAL AND PROCEDURAL BACKGROUND (POST-AGREEMENT)**

9. After exchanging several versions of the Agreement, the Parties all executed the Agreement on August 20, 2026, with an Effective Date of August 12, 2026. *See* Exhibit A.[1] The Agreement requires Defendants make monthly payments on the 15th day of each month. Specifically, September 15, 2026, October 15, 2026, and so on until the entire debt is repaid. *Id*, § 1(B)-(C).

10. The Agreement is clear as to the effects of a failure to make a settlement payment. Specifically, the Agreement states: "If HSA fails to timely make a payment then MPLT shall provide a ten (10) days' written notice and cure period. If HSA fails to cure the said default within the ten day period following Plaintiff sending notice . . . then the entire Settlement Sum, plus all past due interest as of the date of this Agreement, shall accelerate and become immediately due and payable by HSA to MPLT, by the last day of such month." Exhibit A, § 1(H).

11. Defendant paid the first installment, though payment was 10-days late. Similarly, Defendant paid the second installment, but this time 22-days late. Indeed, prior to Defendants

[1] Exhibit A is being filed with extreme redactions to protect the confidentiality of the Agreement. An unredacted paper copy is being mailed to the Court as allowed under Section 1(M)(vi) of the Agreement.

making the second installment payment, Plaintiff sent the first Notice of Default and Demand to Cure on September 30, 2026. *See* Exhibit B. Defendant also substituted counsel on October 6, 2026, one day before making the second installment payment.

12. Defendants' third installment payment was due October 15, 2026. Defendants did not pay. On October 16, 2026, MPLT sent Defendants, to the addresses noted in the Agreement, another Notice of Default and Demand to Cure. *See* Exhibit C. In that correspondence, MPLT's counsel noted that "[i]f MPLT does not receive payment by October 26, 2026, we will accelerate the amount due with interest and move to obtain a final judgment." *See* Exhibit C, pg. 1. MPLT never received a response and the third installment payment was never made.

13. According to the terms of the Agreement, the entire settlement sum, plus all past due interest as of the date of the Agreement, shall accelerate and become immediately due and payable by Defendants to MPLT, by the last day of such month or, in this case, October 31. *See* Exhibit A, § H. Defendants failed to make any such payment.

**NOTICE AND MOTION**

14. MPLT wishes to notify the Court that Defendants have failed to comply with the terms of the Agreement. Further, Defendants have not responded to any correspondence from MPLT and have made no attempt to resolve this matter without the Court's intervention.

15. Further, under the Order, this Court retains jurisdiction to enforce the settlement. This is not unusual in Texas jurisprudence in Federal Courts. *See, e.g., WeGrow AG LLC v. Mavco Energy, LLC*, 2025 WL 2648255, n. 1 (W.D. Tex. Sep 4, 2025) ("[w]hen Mr. Jones failed to make timely payments under the settlement agreement, the Court lifted the stay, reopened the case, reinstated Plaintiff's motion for summary judgment, and ordered Mr. Jones to file his response . . ."); *see also Bowers v. Abundant Home Health, LLC*, 2021 WL 706783, at*2 (N.D. Tex. Jan. 25,

2021) (". . . Bowers followed with a motion to reinstate the case, [] which seemingly ended the prospect of settlement. The Court reinstated the case, . . .").

16. Defendants have failed to comply with the terms of settlement, and have given no indication they plan to bring themselves back into compliance. Accordingly, Plaintiff respectfully requests this Court reinstate this case for the specified purpose of enforcing the terms of the Agreement, which may include making a final judgment for the enforcement of the Agreement and awarding post-judgment remedies.

**ATTORNEYS' FEES**

17. Section 3(Q) of the Agreement states: ". . . if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover from the losing Party its costs, including reasonable attorneys' fees, at both the trial and appellate levels." *See* Exhibit A, § 3(Q).

18. Further, as well established under Federal law, "a court may impose attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Federation of State Massage Therapy Boards v. Footy Rooty Development, Inc.*, 2024 WL 5274511, at*1 (S.D. Tex. Jan. 26, 2024) (citing "*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

19. Defendants actions are clearly in bad faith, as they have made no attempt to resolve this matter. Accordingly, MPLT is entitled to its attorneys' fees and costs incurred in bringing this Motion, and this action, generally.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that this Court take notice of Defendant noncompliance with the Settlement Agreement, and reinstate this case for the purpose of enforcing the Agreement, and award Plaintiff such other remedies for which it is justly entitled.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Michael B. Hess*

Michael B. Hess
State Bar No. 24095710
michael.hess@akerman.com
Anthony D. Lyons, Jr.
State Bar No. 24128523
anthony.lyonsjr@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 4th day of November 2026, I attempted to confer via email with counsel for Defendants concerning the substance of this Motion. I never received a response, and therefore file this Motion as "opposed."

*/s/ Michael B. Hess*
Michael B. Hess

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of November 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael B. Hess*
Michael B. Hess