**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MPLT HEALTHCARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:26-CV-138 |
| | § | |
| HSA PORT ARTHUR, LLC *d/b/a The Medical Center of Southeast Texas, LLC*, HEALTHCARE SYSTEMS OF AMERICA, CORP., and HEALTHCARE SYSTEMS OF AMERICA - TEXAS LLC, | § | |
| | § | |
| Defendants, | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff MPLT Healthcare, LLC's ("MPLT") Notice of Noncompliance with Settlement Agreement and Motion to Reinstate (#18). Having reviewed the pending motion, the court is of the opinion that the motion should be denied subject to reassertion following compliance with the Local Rules.

### I. Background

This case arises out of a breach of contract dispute among a full-service staffing and recruiting agency of healthcare professionals, MPLT, and Defendants HSA Port Arthur, LLC d/b/a The Medical Center of Southeast Texas, LLC, Healthcare Systems of America Corp., and Healthcare Systems of America – Texas, LLC (collectively "Defendants"). On April 14, 2026, MPLT filed its Complaint (#1). The parties filed a Joint Notice of Settlement and Motion to Stay All Deadlines (#15) on August 5, 2026. Accordingly, the court entered an Order of Conditional Dismissal (#16) that same day. On November 4, 2026, MPLT filed the pending Motion to Reinstate (#18).

II. Analysis

It is well established that "district courts have considerable latitude in applying their own rules." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990); *accord Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing the district court's broad "discretionary authority to formulate and enforce local rules"). "[A] district court's decision whether to apply [a local rule] strictly or to overlook any transgressions is one left to the district court's discretion." *Stanciel v. Gramley,* 267 F.3d 575, 579 (7th Cir. 2001) (citing *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

In the case at bar, MPLT has failed to comply fully with the Local Rules of the Eastern District of Texas. Under Local Rule CV-7(h), "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve." There is no indication that MPLT conferred with Defendants in good faith before filing its motion to reinstate.

Specifically, MPLT failed to satisfy both the substantive and procedural components of the "Meet and Confer" Requirement of the Local Rules. *See* LOCAL RULE CV-7(h). Local Rule CV-7(h) "has two components, a substantive and a procedural component." *Id.* "For opposed motions, the substantive component requires, at a minimum, a personal conference, *by telephone or in person*, between an attorney for the movant and an attorney for the non-movant." *Id.* (emphasis added).

Local Rule CV-7(h) further specifies:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position.
>
> . . . .
>
> . . . Good faith requires honesty in one's purpose to discuss meaningfully the dispute, freedom from intention to defraud or abuse the discovery process and faithfulness to one's obligation to secure information without court intervention. For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith. Such materials, however, may be used to show bad faith of the author.

*Id.*

Additionally, Local Rule CV-7(i) requires that "all motions must be accompanied by a 'certificate of conference' at the end of the motion . . . . The certificate must state: (1) that counsel has complied with the meet and confer requirement . . . ; and (2) whether the motion is opposed or unopposed." LOCAL RULE CV-7(i).

Local Rule CV-7(i) further specifies:

> Opposed motions shall include a statement in the certificate of conference, signed by the movant's attorney, that the personal conference or conferences required by this rule have been conducted or were attempted, the date and manner of such conference(s) or attempts, the names of the participants in the conference(s), an explanation of why no agreement could be reached, and a statement that discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve. . . . In situations involving an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts believed to constitute bad faith.

*Id.*

Here, the parties did not engage in a personal conference, by telephone or in person. Instead, MPLT's certificate of conference simply states, in part, that it "attempted to confer via email with counsel for Defendants" on November 4, 2026, but "never received a response." Thus, MPLT merely attempted to confer by email on the same day that it filed the pending motion. The court finds that the documented conduct of the parties does not conform with the spirit of the Meet and Confer Requirement or the substantive requirements of Local Rule CV-7(h).

III. Conclusion

Accordingly, MPLT's Motion to Reinstate (#18) is DENIED subject to reassertion following compliance with the Local Rules.

SIGNED at Beaumont, Texas, this 9th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE